**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIBURON LOCKERS, INC. and Tiburon Management, LLC,<br><br>Plaintiffs,<br>v.<br><br>REUBEN J. FLETCHER et al.,<br><br>Defendants. | Civil Action No. 15-6970<br><br>**OPINION** |

**CECCHI, District Judge**

## I.  INTRODUCTION

Before the Court is the motion of defendants Reuben J. Fletcher, Benethan, LLC, d/b/a Benethan Design, Benethan Design, LLC, Nicholle Palacios, and Christopher Hentschel ("Defendants") to dismiss certain counts of the Amended Complaint filed by plaintiffs Tiburon Lockers, Inc. ("Tiburon") and Tiburon Management, LLC ("Tiburon Management" and, together with Tiburon, "Plaintiffs"). ECF No. 21. Plaintiffs oppose the motion. ECF No. 24. The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants in part and denies in part Defendants' motion.

## II.  BACKGROUND

The following facts are accepted as true for the purposes of the instant motion. Tiburon designs and builds customized electronic lockers and electronic charging stations for use in public venues. Plaintiffs' Amended Complaint ("Am. Compl."), ECF No. 16, ¶¶ 15-16.

On or about February 6, 2007, Defendant Fletcher began providing services to Tiburon as an independent contractor. Id. ¶ 17. On that same date, he executed a non-disclosure agreement

on behalf of Benethan Design (the "Nondisclosure Agreement"). Id. Ex. 2.[1] The other party to the Nondisclosure Agreement was Tiburon Management. Id. On or about February 25, 2008, Tiburon hired Fletcher to work as its Chief Technology Officer pursuant to the terms of an employment agreement executed on that same date (the "Employment Contract"). Id. ¶ 18.

Plaintiffs allege Fletcher used various means to enrich himself at Plaintiffs' expense. In or around 2008, Fletcher hired his close friend, Defendant Hentschel, to provide hardware manufacturing and development services to Tiburon. Id. ¶¶ 39-41. Plaintiffs contend Fletcher and Hentschel billed Tiburon for hardware that was never provided. Id. ¶ 48. In or around February 2009, Fletcher hired his half-sister, Defendant Palacios, as a full-time employee of Tiburon. Id. ¶¶ 23-24. Plaintiffs allege Palacios did not in fact work full time and schemed with Fletcher to "manipulate[]" Tiburon's credit-card processing software in order "to divert money from Tiburon." Id. ¶¶ 23-38.

Plaintiffs further contend Fletcher hired a Romanian subcontractor to develop software that would enable Fletcher to access Tiburon's email accounts and computer systems without authorization, id. ¶¶ 55, 63-66, and to develop "bugs" that Fletcher could install in Tiburon's software in order to "prolong his apparent value to Tiburon [] through his ability to fix th[ose] bugs," id. ¶ 68. Finally, Plaintiffs allege Fletcher sought reimbursement from Tiburon for false business expenses and supplies. Id. ¶¶ 73-96.

On September 21, 2015, Plaintiffs filed a complaint against Defendants, ECF No. 1, which

---

[1] Fletcher is the sole owner of Benethan LLC, d/b/a Benethan Design. Id. ¶ 9. To the extent the Amended Complaint alleges Fletcher also executed the Nondisclosure Agreement in his personal capacity, see id. ¶17, the text of the Nondisclosure Agreement itself belies that allegation, id. Ex. 2.

was subsequently amended on December 21, 2015, ECF No. 13 ("Amended Complaint" or "Am. Compl."). The Amended Complaint asserts the following claims: breach of the Employment Contract against Fletcher (Count I); breach of the Nondisclosure Agreement against Fletcher and Benethan, LLC, (Count II); breach of the implied covenant of good faith and fair dealing against Fletcher (Count III); breach of fiduciary duty against Fletcher (Count IV); fraud against Fletcher, Benethan, LLC, Benethan Design, Palacios, and Hentschel (Count V); misappropriation of trade secrets against Fletcher (Count VI); violation of the Computer Fraud and Abuse Act ("CFAA") against Fletcher (Count VII); violation of the New Jersey Computer-Related Offenses Act ("NJCROA") against Fletcher (Count VIII); civil conspiracy against Fletcher, Benethan, LLC, Benethan Design, Palacios, and Hentschel (Count IX); and unjust enrichment against Fletcher, Benethan, LLC, Benethan Design, Palacios, and Hentschel (Count X). Id. ¶¶ 97-157.

On January 18, 2016, Defendants moved to dismiss Counts II-V and VII-X of the Amended Complaint and all claims against Benethan Design, LLC. ECF No. 21. Plaintiffs opposed the motion on February 9, 2016. ECF No. 24.

### III.  LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 545 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual

allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

## IV. DISCUSSION

### A. Claims Against Benethan Design, LLC

As a preliminary matter, the Court notes Defendants have moved to dismiss all claims against Benethan Design, LLC, because that entity was not incorporated until November 10, 2014. See Declaration of Stephen J. DeFeo ("DeFeo Decl."), ECF No. 21, Ex. A.[2] Plaintiffs appear to admit Benethan Design, LLC, did not exist during the period of Fletcher's alleged unlawful conduct but contend nevertheless that their claims against that entity may not be dismissed. See Pl. Br. in Opp. at 3-4. This Court disagrees. The Amended Complaint sets forth no facts indicating Benethan Design, LLC, is a proper party to this action. To the extent Plaintiffs contend Benethan

---

[2] On the instant motion to dismiss, this Court may consider Benethan Design, LLC's certificate of incorporation because it is a public document. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, Plaintiffs do not contest its authenticity.

Design, LLC, is a party to the Nondisclosure Agreement, Fletcher executed that agreement in 2007 on behalf of "Benethan Design" approximately seven years before the incorporation of Benethan Design, LLC. See Am. Compl. Ex. 2. Accordingly, the Court will dismiss all claims against Benethan Design, LLC, without prejudice.

### B. Breach of Contract Claims Against Fletcher and Benethan, LLC (Count II)

In Count II, Plaintiffs allege Fletcher and Benethan, LLC (as distinguished from Benethan Design, LLC), breached the Nondisclosure Agreement, which was executed between "Benethan Design" and Tiburon Management. Defendants contend Count II fails to state a claim for relief against Fletcher because Fletcher was not a party to the Nondisclosure Agreement but, rather, executed the Agreement on behalf of Benethan, LLC, d/b/a Benethan Design.[3]

In opposition, Plaintiffs do not appear to dispute that Fletcher executed the Nondisclosure Agreement in his corporate, not personal, capacity. Instead, Plaintiffs argue Fletcher may be held personally liable because "Benethan Design" was a nonexistent entity. This argument appears to belie Plaintiffs' pleading, which alleges Benethan, LLC, did business as Benethan Design. See Am. Compl. ¶ 5.[4] Plaintiffs may not amend their pleading through a brief in opposition to a motion to dismiss. See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). Accordingly, the Court agrees with Defendants that, on the facts presented in the Amended Complaint, Fletcher executed the Nondisclosure Agreement on behalf of Benethan, LLC, d/b/a Benethan Design and, therefore, he was not a party to the Nondisclosure Agreement. This Court

---

[3] To the extent Defendants argue Count II should be dismissed in its entirety, they offer no argument as to why Count II fails to state a claim against Benethan, LLC.

[4] To the extent the Nondisclosure Agreement names "benethan design" in lowercase letters, neither party appears to contend Fletcher's use of lowercase letters served to differentiate that entity from Benethan, LLC, d/b/a Benethan Design.

will therefore dismiss Count II as to Fletcher without prejudice.

### C. Breach of the Implied Covenant of Good Faith and Fair Dealing (Count III)

Defendants contend Count III must be dismissed because it is duplicative of Count II. "Where a party has breached a specific term of a contract, that party cannot be found separately liable for breaching the implied covenant of good faith and fair dealing 'when the two asserted breaches basically rest on the same conduct.'" Spellman v. Express Dynamics, LLC, 150 F. Supp. 3d 378 (D.N.J. 2015) (quoting Wade v. Kessler Inst., 172 N.J. 327, 344 (N.J. 2002)). Where a party's performance under a contract "does not violate a pertinent express term" of the contract, however, that party's performance may separately breach the implied covenant of good faith and fair dealing. Wilson v. Amerada Hess Corp., 168 N.J. 236, 244, 773 (N.J. 2001).

Here, Count III alleges Fletcher breached the implied covenant of good faith and fair dealing through conduct not explicitly prohibited under the Employment Contract's terms. See Am. Compl. ¶ 111 (alleging Fletcher hired employees without Tiburon's authorization and outsourced his work to an individual in Romania). Accordingly, the Court finds Plaintiffs have pleaded a separate claim for breach of the implied covenant of good faith and fair dealing, and will deny Defendants' motion as to Count III.

### D. Breach of Fiduciary Duty (Count IV)

Defendants contend Count IV must be dismissed because Fletcher is not a fiduciary as a matter of law and, even if he were, Plaintiffs fail to plead a breach of fiduciary duty. The Court disagrees and, accordingly, will deny Defendants' motion as to Count IV.

First, under New Jersey law, "[e]very employee owes a duty of loyalty to their employer." Fields v. Thompson Printing Co., 363 F.3d 259, 270 (3d Cir. 2004) (citing Cameco, Inc. v. Gedicke, 724 A.2d 783, 789 (N.J. 1999)). As Defendants do not appear to dispute that Fletcher

was Tiburon's employee during the relevant period, the Court finds no basis for Defendants' contention Fletcher owed no duty to Tiburon.

Second, an employee breaches its fiduciary duty by acting "contrary to the employer's interest." Id. (quoting Lamorte Burns & Co. v. Walters, 770 A.2d 1158, 1168 (N.J. 2001)). Here, Plaintiffs allege that while Fletcher was employed by Tiburon, he acted contrary to Tiburon's interest "by, among other things, disseminating Tiburon's proprietary information to outside individuals, failing to obtain approval for expenses over $2,500.00, failing to make Tiburon's business his primary responsibility, and outsourcing his job to Romania." See Am. Compl. ¶ 118. Accordingly, Plaintiffs have adequately alleged Fletcher breached his duty to Tiburon.

### E. Fraud Claims (Count V)

Defendants argue Plaintiffs' fraud claims fail to satisfy Federal Rule of Civil Procedure 9(b). Rule 9(b) requires "all averments of fraud or mistake" to "be stated with particularity." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), "a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (quoting Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004)). Accordingly, fraud claims must state the "date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id. Where a plaintiff asserts a fraud claim against multiple defendants, the allegations against each defendant must satisfy Rule 9(b). See In re Norvergence, Inc., 405 B.R. 709, 727 (Bankr. D.N.J. 2009); Sandvik AB v. Advent Int'l Corp., 83 F. Supp. 2d 442, 448 (D. Del. 1999). For the reasons set forth below, the Court finds Plaintiffs' fraud claims against Defendants satisfy Rule 9(b)'s heightened pleading standard and, accordingly, will deny Defendants' motion on Count V.

#### a. Palacios

Plaintiffs allege Palacios schemed with Fletcher to divert money from Tiburon by, inter alia, "manipulating credit card processing," placing a "block" in the credit-card processing software, and collecting a full-time salary from Tiburon while working only approximately forty-five minutes per week. See id. ¶¶ 27-38. As to the time and place of the alleged fraud, Plaintiffs state Palacios began working for Tiburon in or around February 2009, id. ¶ 24, and Plaintiffs discovered the alleged fraud in or around May 2010, id. ¶ 33. The Court finds the forgoing allegations set forth the circumstances, time, and date of Palacios's alleged fraud with sufficient particularity to meet Rule 9(b)'s heightened pleading standard.

#### b. Hentschel

Plaintiffs plead that in or around 2012 to 2013, Hentschel and Fletcher engaged a subcontractor named T&S Industrial Welding & Machine to provide hardware to Tiburon. See id. ¶ 46. Plaintiffs allege Hentschel submitted to Tiburon invoices for hardware that was never provided. See id. ¶¶ 47-49. Plaintiffs attach copies of the purportedly fraudulent invoices to their pleading. See Ex. 3. Accordingly, the Court finds Plaintiffs have pleaded the circumstances of Hentschel's alleged fraud with the requisite particularity.

#### c. Fletcher and Benethan Design

Plaintiffs allege Fletcher submitted an invoice to Tiburon from Benethan Design in the amount of $48,630.12 for expenses incurred in the second quarter of 2010. Id. ¶ 79. Plaintiffs also allege that in early 2011, Fletcher submitted an invoice for business expenses in the amount of $165,819.94. Id. ¶ 76. Plaintiffs contend many of the expenses on these invoices were falsified. Id. ¶ 82. In addition, Plaintiffs plead that in December 2012, Fletcher submitted an invoice to Tiburon from "Stream Production Development Company" for lock mechanisms costing $40.00

per unit when those same lock mechanisms were readily available on the market for $8.00 per unit. Id. ¶¶ 84, 93-94. The Court finds these allegations are sufficiently specific to put Fletcher and Benethan Design on notice of the "precise misconduct with which they are charged," Lum, 361 F.3d at 223-24, and, accordingly, satisfy Rule 9(b).

### F. Violation of the CFAA (Count VII)

The CFAA makes it unlawful to "intentionally access[] a computer without authorization . . . and thereby obtain[] . . . information from any protected computer." 18 U.S.C. § 1030(a)(2)(C). To maintain a civil action for a CFAA violation, a plaintiff must allege conduct involving one of five enumerated factors. Id. § 1030(g). Plaintiffs appear to allege a violation of the first of those factors, which specifies the alleged unlawful computer access must have caused "a loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C. § 1030(c)(4)(A)(i)(I).[5]

Although the Amended Complaint states the amount in controversy in this action exceeds $75,000, Am. Compl. ¶ 11, it does not state what, if any, portion of the alleged damages are attributable to a CFAA violation and whether those damages were incurred within a one-year period. Accordingly, Plaintiffs fail to state claim for relief under the CFAA. The Court will therefore dismiss Count VII without prejudice.

### G. Violation of the NJCROA (Count VIII)

The NJCROA "makes it unlawful to alter, damage, access, or obtain data from a computer without authorization" and provides a civil cause of action for a person or business damaged by

---

[5] Although the Amended Complaint does not specify which of the five factors Fletcher allegedly violated, Plaintiffs' opposition papers specify that its CFAA claim is predicated on this factor. See Pl. Br. in Opp. at 14 (citing 18 U.S.C. § 1030(c)(4)(A)(i)(I)).

9

such conduct. In re Nickelodeon Consumer Privacy Litig., No. 15-1441, 2016 WL 3513782, at *10 (3d Cir. June 27, 2016) (citing N.J. Stat. Ann. 2A:38A–3). A NJCROA claim "require[s] proof of some activity vis-à-vis the information other than simply gaining access to it." Id. (holding plaintiffs failed to state a claim where they alleged "the defendants did no more than 'gain access' to their information" (quoting P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC, 428 F.3d 504, 509 (3d Cir. 2005)).

Here, Plaintiffs' NJCROA claim alleges in a conclusory fashion that Fletcher "accessed and altered" Tiburon's computer systems without authorization. Am. Compl. ¶ 149 (emphasis added). The Amended Complaint, however, does not appear to set forth specific facts indicating Fletcher actually altered Tiburon's computer systems. Rather, it alleges merely that Fletcher paid a subcontractor to create software to "access" Tiburon's email accounts and computer system. Id. ¶¶ 63-66. Accordingly, Plaintiffs fail to state a claim for relief under the NJCROA and the Court will dismiss Count VIII without prejudice.

### H. Civil Conspiracy (Count IX)

To state a claim for civil conspiracy under New Jersey law, a plaintiff must plead the following elements: "(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages." Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 414 (3d Cir. 2003) (citing Naylor v. Harkins, 99 A.2d 849, 855 (N.J. 1953)). "Unlike general damages, which are implied or presumed by the law, special damages 'must be specifically pled.'" Delzotti v. Morris, No. CIV. 14-7223 JBS/AMD, 2015 WL 5306215, at *8 (D.N.J. Sept. 10, 2015) (quoting Fed. R. Civ. P. 9(g)). Because the Amended Complaint identifies no special damages resulting from

Defendants' alleged conduct, Count IX fails to state a claim for relief. Accordingly, this Court will dismiss Plaintiffs' civil conspiracy claim without prejudice.

### I. Unjust Enrichment (Count X)

Defendants contend Count X fails to state a claim for relief because it seeks the same relief as Plaintiffs' breach-of-contract claim. "Recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties." Van Orman v. Am. Ins. Co., 680 F.2d 301, 310 (3d Cir. 1982). But, although "a plaintiff may not recover on both a breach of contract claim and an unjust enrichment claim, a plaintiff may plead alternative and inconsistent legal causes of action arising out of the same facts." Simonson v. Hertz Corp., No. CIV.A. 1:10-CV-1585, 2011 WL 1205584, at *6 (D.N.J. Mar. 28, 2011) (citing Fed. R. Civ. P. 8(d)(2)). Courts in this district have "regularly permitted claims for both unjust enrichment and breach of contract to proceed at the motion to dismiss stage, finding that dismissal of one of these claims would be premature." MK Strategies, LLC v. Ann Taylor Stores Corp., 567 F.Supp.2d 729, 736 (D.N.J.2008). Accordingly, at this early stage of the litigation, the Court will permit Plaintiffs to proceed on their unjust enrichment claim.

### V. **CONCLUSION**

Based on the reasons set forth above, the Court will dismiss Counts II (as to Fletcher), VII, VIII, and IX without prejudice and deny Defendants' motion as to Counts II (as to Benethan, LLC), III, IV, V, and X. In addition, Benethan Design, LLC, will be dismissed from this action. To the extent the defects in the Amended Complaint may be cured by way of amendment, Plaintiffs shall be granted thirty days to file an amended pleading. An appropriate Order accompanies this Opinion.

Dated: __August 24__, 2016

                                                                                   _____
                                                                                   **CLAIRE C. CECCHI, U.S.D.J.**

12